UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL L. ODOM, | : CIVIL NO: 1:13-CV-01594 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : (Magistrate Judge Schwab) |
| GREGORY MOREHEAD, *et al.*, | : |
| Defendants | : |

# REPORT AND RECOMMENDATION

## I. Introduction.

This case comes before the court for a statutorily mandated screening review. The plaintiff, Michael L. Odom, claims that two police officers used excessive force on him during an arrest, falsely arrested him, and maliciously prosecuted him. In addition to naming the police officers as defendants, Odom names Cumberland Township as a defendant. Having reviewed the complaint in accordance with 28 U.S.C. § 1915A, we conclude that the complaint fails to state a claim upon which relief may be granted against Cumberland Township. We recommend that Odom's application for leave to proceed *in forma pauperis* be granted, that the claims against Cumberland Township be dismissed, and that Odom be granted leave to file an amended complaint.

## II. Factual Background and Procedural History.

Odom, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 case by filing a complaint and an application for leave to proceed *in forma pauperis*. Odom names the following two officers as defendants: 1) Gregory Morehead, an officer with the Cumberland Township Police Department; and 2) Barry Hockley, an officer with the Pennsylvania State Dog Law Enforcement Bureau. Odom also names Cumberland Township as a defendant.[1] Odom alleges the following facts in his complaint.

In June of 2011, defendant Hockey approached Odom about a dog that had been found in the area of Odom's home. Odom alleges that, although the dog belonged to his brother, he agreed to accept any applicable citations or fines for the dog. Hockley then stated that he would give Odom a fine based on the dog not having the required shots and that he would give Odom until the end of the day to obtain a license for the dog.

---

1 Odom lists this defendant as "Cumberland Township, Adams County." It is not entirely clear whether he intends to sue both the Township and the County or whether he intends only to sue Cumberland Township and that his inclusion of Adams County was meant merely as a description of what county the Township is a part. Because he seeks relief only against the individual defendants and Cumberland Township, not Adams County, we do not construe the complaint as naming Adams County as a defendant. We note, however, that the same analysis set forth below as to Cumberland Township applies as well to Adams County.

According to Odom, after thanking Hockley and advising him of his intent to secure a license for the dog, he noticed a large insect land on Hockley's abdomen, and Odom extended his right arm and index finger to point out the insect to Hockley. It was then, according to Odom, that defendant Morehead lunged at him and shoved him violently to the ground causing him to land on his back in the gravel and slide several feet into the wet grass. Tempers flared. Odom asked Morehead why he had shoved him, and Morehead replied: "You don't touch an officer of the law." According to Odom, he had not touched nor attempted to touch Hockley, and after advising the officers that he wished to contact the state police to investigate the incident, he turned to proceed toward his home. Odom alleges that Morehead then yelled that he is the police and ordered Odom to come back. According to Odom, as he turned to obey, Morehead grabbed him violently and forced him up against Hockley's vehicle, handcuffed him, and arrested him.

In response to Odom's question about why he had been arrested, Morehead allegedly stated: "I don't like you[,] you piece of shit, and I don't want you living in my township. Your nothing but a worthless drunk." This escalated things further, and, according to Odom, he lashed out verbally and told Morehead that he wished that he owned an AR-15 because if he did he would put a bullet in the back of his head. After transporting Odom to the Cumberland Township Police Department,

3

Morehead placed Odom into a holding cell, and, according to Odom, after a brief verbal exchange, Morehead entered the cell and assaulted him by shoving him and punching him in the neck. Odom alleges that Morehead knew of him prior to this incident because of two prior incidents involving him and his brother.

Odom alleges that Morehead charged him with simple assault and terrorist threats for allegedly approaching Hockley in a threating manner. Bail was set at $10,000, and Odom was taken to the Adams County Adult Correctional Facility. Odom alleges that due to Morehead's version of the events, the District Attorney's Office increased the simple assault charge to two counts of felony aggravated assault. According to Odom, throughout the proceedings, defendants Morehead and Hockley made multiple false and inconsistent statements to the effect he had either assaulted or attempted to assault Hockley. In October of 2011, the District Attorney's Office withdrew the assault charges, and Odom pleaded guilty to making terroristic threats with respect to his threat to defendant Morehead.

Odom claims that defendants Morehead and Hockley falsely arrested and maliciously prosecuted him, that Morehead used excessive force on him, and that Morehead and Hockley committed state law torts in connection with his arrest and prosecution. He claims that defendant Cumberland Township is vicariously liable for the conduct of defendant Morehead under the doctrine of respondeat superior

and that the Township failed to properly train Morehead. He seeks declaratory relief as well as compensatory and punitive damages.

## III. Discussion.

### A. Screening of *Pro Se* Complaints—Standard of Review.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides

5

that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more

than allege the plaintiff's entitlement to relief." *Fowler, supra,* 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right

to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B. The Complaint Fails to State a 42 U.S.C. § 1983 Claim Upon Which Relief May Be Granted Against Cumberland Township.**

In addition to seeking to hold defendant Morehead and Hockley liable, Odom seeks to hold Cumberland Township liable for the actions of defendant Morehead and on the basis of a failure to train.

A municipality, such as the Cumberland Township, can be liable under 42 U.S.C. § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011)(quoting 42 U.S.C. § 1983). A municipality, however, cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). To impose liability on a municipality under Section 1983, a plaintiff must demonstrate that an official municipal policy caused his injury. *Connick, supra,* 131 S.Ct. at 1359. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.*

In limited circumstances, a municipality's failure to train its employees about their duty to avoid violating citizens' rights may rise to the level of a municipal policy. *Connick, supra,* 131 S.Ct. at 1359. "A municipality's culpability for a deprivation of rights is at its most tenuous [however] where a claim turns on a failure to train." *Id.* A municipality's failure to train must amount to deliberate indifference to the rights of persons with whom the municipal employees come into contact. *Id.* "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.'" *Id.* at 1360 (quoting *Board of Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 410 (1997)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* (quoting *Bryan Cnty.*, *supra*, 520 U.S. at 409).

Odom cannot hold Cumberland Township liable under Section 1983 on the basis of the doctrine of respondeat superior liability. Further, Odom does not allege facts from which it can reasonably be inferred that a policy or custom of Cumberland Township caused a violation of his rights or that Cumberland Township was deliberately indifferent to the rights of persons with whom its officers come into contact. Accordingly, the complaint fails to state a 42 U.S.C. § 1983 claim against Cumberland Township upon which relief may be granted.

## C. Cumberland Township Is Immune from Odom's State Law Claims.

In addition to 42 U.S.C. § 1983 claims, Odom asserts state law claims against Cumberland Township. 42 Pa.C.S.A. § 8541 provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S.A. § 8542 enumerates eight exceptions to a local agency's immunity for specific negligent acts.[2] This case does not involve negligent acts. Moreover, even if the complaint were construed to allege negligent acts, the claims in this case do not involve any of the categories of claims for which liability may be imposed on a municipality. Thus, none of the exceptions to a local agency's immunity is arguably applicable in this case, and Cumberland Township cannot be liable for the state law claims.

---

2 Liability can be imposed for the following types of negligent acts: (1) the operation of a motor vehicle in the possession or control of a local agency; (2) the care, custody or control of personal property in the possession or control of a local agency; (3) the care, custody or control of real property; (4) a dangerous condition created by trees, traffic controls, or street lights; (5) a dangerous condition of utility service facilities; (6) a dangerous condition of streets; (7) a dangerous condition of sidewalks; (8) the care, custody or control of animals in the possession or control of a local agency.

**D. Odom Should Be Granted Leave to File an Amended Complaint.**

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because Cumberland Township is entitled to immunity from Odom's state law claims, it would be futile to allow Odom to amend his complaint with respect to those claims. But, in light of the liberal-amendment requirement, although this screening merits analysis calls for dismissal of the 42 U.S.C. § 1983 claims against Cumberland Township, Odom should be granted another, final opportunity to state a 42 U.S.C. § 1983 claim against this defendant by endeavoring to promptly file an amended complaint. Thus, we recommend that the 42 U.S.C. § 1983 claims against Cumberland Township be dismissed, but we recommend that the dismissal of those claims be without prejudice to Odom filing an amended complaint.

**IV. Recommendations.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Odom's application to proceed *in forma pauperis* be granted. **IT IS FURTHER**

**RECOMMENDED** that the claims against Cumberland Township be dismissed, and that Odom be granted leave to file an amended complaint in accordance with this Report and Recommendation.³ **IT IS FURTHER RECOMMENDED** that the case be remanded to the undersigned for further proceedings either as to the amended complaint, if Odom files an amended complaint, or if Odom does not file an amended complaint, as to the claims in the complaint against defendants Morehead and Hockley.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

---

3  We note that any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must also comply with the pleading requirements of the Federal Rules of Civil Procedure.

made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of June, 2013.

                                         **S/*Susan E. Schwab***
                                         Susan E. Schwab
                                         United States Magistrate Judge